JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ronald J. Bragg

**DEFENDANTS**

Amazon.Com, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff    Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    King County, WA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*    215-238-8700

Ken Fulginiti, Esquire and Sarah F. Dooley, Esquire

Duffy + Fulginiti, 1650 Market St., 55th Fl., Phila., PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
02/07/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD J. BRAGG<br>827 Hamel Avenue<br>Glenside, PA 19038<br><br>v.<br><br>AMAZON.COM, INC.<br>410 Terry Avenue North<br>Seattle, WA 98109<br><br>and<br><br>AMAZON.COM SALES, INC.<br>c/o Corporation Service Company<br>100 Charles Ewing Boulevard<br>Trenton, NJ 08628<br><br>and<br><br>AMAZON.COM SERVICES LLC<br>c/o Corporation Service Company<br>100 Charles Ewing Boulevard<br>Trenton, NJ 08628<br><br>and<br><br>AMAZON.COM LLC<br>c/o Corporation Service Company<br>830 Bear Tavern Road<br>Ewing, NJ 08628<br><br>and<br><br>AMAZON.COM.DEDC, LLC<br>c/o Corporation Service Company<br>830 Bear Tavern Road<br>Ewing, NJ 08628<br><br>and | No.<br><br>JURY TRIAL DEMANDED |

AMAZON HOME SERVICES, INC.
c/o Inc Authority RA
111 Town Square Place
Jersey City, NJ 07310

     and

AN LAM
336 Curtis Avenue
Pennsauken, NJ 08110

## COMPLAINT

Plaintiff, Ronald J. Bragg, by and through his attorneys, Duffy + Fulginiti, states the following by way of Complaint:

## PARTIES

1. Plaintiff, Ronald Bragg, is an adult citizen of the Commonwealth of Pennsylvania, residing at 827 Hamel Avenue, Glenside, PA 19038.

2. Defendant, AMAZON.COM, Inc., is a Washington corporation with its principal place of business located at 410 Terry Avenue North, Seattle, WA 98109.

3. Defendant, AMAZON.COM Sales, Inc., is a Delaware corporation with a registered agent located at 100 Charles Ewing Boulevard, Trenton, NJ 08628.

4. Defendant, AMAZON.COM Services LLC, is a Delaware limited liability company with a registered agent located at 100 Charles Ewing Boulevard, Trenton, NJ 08628.

2

5.     Defendant, AMAZON.COM LLC, is a Delaware limited liability company with a registered agent located at 830 Bear Tavern Road, Ewing, NJ 08628.

6.     Defendant, AMAZON.COM.DEDC, LLC, is a Delaware limited liability company with a registered agent located at 830 Bear Tavern Road, Ewing, NJ 08628.

7.     Defendants, AMAZON.COM, Inc., AMAZON.COM Sales, Inc., AMAZON.COM Services LLC, AMAZON.COM LLC, and, AMAZON.COM.DEDC, LLC, shall hereinafter collectively be referred to as "AMAZON.COM."

8.     Defendant, Amazon Home Services, Inc. (hereinafter "Amazon Home Services"), is a New Jersey corporation with a registered agent located at 111 Town Square Place, Jersey City, NJ 07310.

9.     Defendant, An Lam (hereinafter "Lam"), is an adult citizen of the state of New Jersey, residing at 336 Curtis Avenue, Pennsauken, NJ 08110.

## JURISDICTION AND VENUE

10.     The Court has jurisdiction over this matter pursuant to *28 U.S.C. §1332(a)*, as no plaintiff shares a state of citizenship with any defendant.

11.     Plaintiff, Ronald Bragg, is a citizen of the Commonwealth of Pennsylvania.

12.     Defendant, AMAZON.COM, Inc., is a citizen of the state of Washington.

13.     Defendants, AMAZON.COM Sales, Inc., AMAZON.COM Services LLC,

3

AMAZON.COM LLC, and, AMAZON.COM.DEDC, LLC, are citizens of the state of Delaware.

14.   Defendant, Amazon Home Services, is a citizen of the state of New Jersey.

15.   Defendant, Lam, is a citizen of the state of New Jersey.

16.   The amount in controversy exceeds $75,000, exclusive of costs and fees.

17.   Venue is proper in this District pursuant to *28 U.S.C. §1391(b)(1)* because AMAZON.COM and Amazon Home Services transact business in this District.

18.   Venue is proper in this District pursuant to *28 U.S.C. §1391(b)(1)* because Lam resides in this District.

19.   Venue is proper in this District pursuant to *28 U.S.C. §1391(b)(2)* because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## MATERIAL FACTS

20.   On or about July 30, 2022, Plaintiff, Ronald Bragg, ordered an electric bicycle (hereinafter also referred to as "bicycle") from AMAZON.COM.

21.   When Plaintiff ordered the bicycle, he also selected the option for "*Bicycle Assembly – Electric – At-Home*" for an additional cost.

22.   The at-home electric bicycle assembly was to be provided by Amazon Home Services.

23.   On or about August 19, 2022, Lam, on behalf of Amazon Home Services and/or AMAZON.COM, delivered the electric bicycle to Plaintiff's former residence in Rancocas, New Jersey, and assembled the bicycle there.

24.   Lam finished assembling the electric bicycle then left Plaintiff's residence.

25.   Thereafter, on August 19, 2022, Plaintiff attempted to ride the electric bicycle; however, Plaintiff toppled off the bicycle and fell onto his left side, suffering significant injuries, detailed further throughout this Complaint.

26.   After Plaintiff fell, he looked at the electric bicycle and sent a photograph of it to Lam, inquiring if the front-wheel fork had been installed by him backwards.

27.   Lam confirmed he installed it backwards and incorrectly via text message and stated "Holy cow I clearly did".

28.   As a direct and proximate result of the aforementioned strict liability, negligence, and carelessness of the defendants, Plaintiff sustained significant and serious injuries, including, but not limited to: proximal biceps tendon rupture of the left biceps tendon; partial biceps tendon rupture distally of the left biceps tendon; subacute left C-7 radiculopathy; left sensorimotor median neuropathy at the wrist; left sensory ulnar neuropathy at the elbow; rotator cuff tendinopathy; a 2 mm linear articular surface partial thickness mid-central supraspinatus tendon tear; and, a fractured small left toe, as well as

other aches and pains, some or all of which are permanent in nature.

29.     As a direct and proximate result of the aforementioned strict liability, negligence, and carelessness of the defendants, Plaintiff has required in the past and will require in the future medical treatment for his injuries, which have caused him to incur medical bills currently outstanding and owed, with the necessity of additional treatment and bills in the future.

30.     As a direct and proximate result of the aforementioned strict liability, negligence, and carelessness of the defendants, Plaintiff has suffered in the past and will continue to suffer in the future aches, pains, trauma, contusions, humiliation, embarrassment, suffering, disfigurement, and/or inconvenience.

31.     As a direct and proximate result of the aforementioned strict liability, negligence, and carelessness of the defendants, Plaintiff has been prevented from performing the normal functions of his employment and will, in the future, be prevented from performing the normal functions of his employment with the resulting lost income impairment of earning power and capacity as well as the loss of earnings.

## COUNT I – STRICT PRODUCTS LIABILITY
## PLAINTIFF v. DEFENDANTS

32.     Plaintiff incorporates, by reference, all preceding paragraphs as though the same were set forth herein at length.

33. At all times relevant hereto, defendant Lam acted as an employee, agent, and/or independent contractor of AMAZON.COM and/or Amazon Home Services, acting in the course and scope of his employment.

34. At all times relevant hereto, defendants were involved in the design, manufacture, distribution, marketing, sale, assembly, and/or placing into the stream of commerce the subject electric bicycle, and did design, manufacture, distribute, market, sell, assemble, and/or place into the stream of commerce the subject electric bicycle.

35. At all times relevant hereto, the subject electric bicycle was defective as to design, manufacture, and/or failed to contain adequate warnings or instructions.

36. The subject electric bicycle was not reasonably fit, suitable, or safe for its intended and foreseeable purpose.

37. The subject electric bicycle presented an unreasonably dangerous risk that it would be assembled incorrectly.

38. The incident in issue was caused by the defects of the subject electric bicycle.

39. At the time of the incident, the subject electric bicycle was in substantially the same condition as it was at the time it was designed, manufactured, distributed, marketed, sold, assembled, and/or placed into the stream of commerce by the defendants.

7

40.     By designing, manufacturing, distributing, marketing, selling, assembling, and/or placing into the stream of commerce the subject electric bicycle in a defective condition, the defendants are strictly liable for the damages sustained by the Plaintiff.

41.     The strict liability of the defendants include, but is not limited to:

    a.     Supplying the subject electric bicycle in a dangerous and defective condition with the front wheel fork backwards;

    b.     Failing to design, manufacture, distribute, market, sell, assemble, and/or place into the stream of commerce the subject electric bicycle with adequate safety features to protect persons utilizing the same;

    c.     Failing to design, manufacture, distribute, market, sell, assemble, and/or place into the stream of commerce the subject electric bicycle with adequate provisions and/or components to prevent foreseeable harm;

    d.     Failing to provide adequate warnings, instructions, or labels with regard to the subject electric bicycle;

    e.     Designing, manufacturing, distributing, marketing, selling, assembling, and/or placing into the stream of commerce an electric bicycle with inadequate component parts;

f.  Designing, manufacturing, distributing, marketing, selling, assembling, and/or placing into the stream of commerce an electric bicycle with inadequate warnings, instructions, or labels;

g.  Failing to design, manufacture, distribute, market, sell, assemble, and/or place into the stream of commerce a product with adequate safety features;

h.  Failing to incorporate safety features which would prevent the incident in issue;

i.  Failing to incorporate warnings, instructions, or labels which would prevent the incident in issue;

j.  Designing, manufacturing, distributing, marketing, selling, assembling, and/or placing into the stream of commerce a product in a dangerous and/or defective condition;

k.  Failing to ensure the subject electric bicycle was provided with every element necessary to make it safe for its intended purpose;

l.  Failing to ensure the subject electric bicycle did not pose a hazard to consumers;

m.  Failing to provide adequate instruction, training, and guidance with regard to product safety;

n.  Failing to design, manufacture, distribute, market, sell, assemble, and/or place into the stream of commerce the subject electric bicycle with adequate instructions, warnings, or labels of the type of danger which occurred to Plaintiff;

o.  Failing to properly hire, train, supervise, and retain competent personnel;

p.  Failing to adopt proper and adequate design, manufacture, distribution, marketing, sale, and test protocols and procedures to ensure product safety;

q.  Failing to supplement warnings, instructions, labels, and directions;

r.  Failing to maintain safety statistics to ensure proper safety monitoring of products; and,

s.  Failing to recall the subject electric bicycle.

42. As a result of the strict liability of defendants, Plaintiff suffered severe and permanent injuries.

43. As a result of the aforesaid conduct of defendants, Plaintiff suffered severe and permanent injuries to his bones, muscles, tissues and nerves, including, but not limited to: proximal biceps tendon rupture of the left biceps tendon; partial biceps tendon rupture distally of the left biceps tendon; subacute left C-7 radiculopathy; left sensorimotor median neuropathy at the wrist; left

10

sensory ulnar neuropathy at the elbow; rotator cuff tendinopathy; a 2 mm linear articular surface partial thickness mid-central supraspinatus tendon tear; and, a fractured small left toe, as well as other aches and pains, some or all of which are permanent in nature.

44.    As a result of the incident in issue, Plaintiff has been caused to undergo medical care, treatment, and take medication, all of which has been required in the past and all of which will continue into the future.

45.    Medical bills have been generated in the past and will continue to be generated into the future as a result of the necessary treatment of Plaintiff's injuries.

46.    Plaintiff has suffered embarrassment, humiliation, disfigurement, pain, and suffering.

47.    Plaintiff has suffered in the past the loss of wages and will continue to suffer in the future the loss of wage-related income and benefits and impairment of his earning capacity and power.

48.    Plaintiff has or may hereafter incur other financial losses or expenses.

49.    Plaintiff has and will be in the future hindered from attending and performing his usual daily duties, activities, and recreational and social pursuits.

50.    The defendants' conduct above was the cause of Plaintiff's injuries and damages, as stated above.

WHEREFORE, Plaintiff, Ronald J. Bragg, demands judgment in his favor and against defendants, together with costs, interest, compensatory damages, and all other damages allowed by law. Plaintiff hereby certifies, pursuant to Local Rule 201.1, that the damages recoverable in this case exceed the sum of $150,000, exclusive of interest and costs.

## COUNT II – NEGLIGENCE
## PLAINTIFF v. DEFENDANTS

51. Plaintiff incorporates, by reference, all preceding paragraphs as though the same were set forth herein at length.

52. At all times relevant hereto, defendant Lam acted as an employee, agent, and/or independent contractor of AMAZON.COM and/or Amazon Home Services, acting in the course and scope of his employment.

53. At all times relevant hereto, defendants were involved in the design, manufacture, distribution, marketing, sale, assembly, and/or placing into the stream of commerce the subject electric bicycle, and did design, manufacture, distribute, market, sell, assemble, and/or place into the stream of commerce the subject electric bicycle.

54. At all times relevant hereto, the subject electric bicycle was defective as to design, manufacture, and/or failed to contain adequate warnings or instructions.

55. At all times relevant hereto, defendants knew that designing, manufacturing, distributing, marketing, selling, assembling, and/or placing into the stream of commerce electric bicycles in a defective condition could result in serious, permanent, and life-altering injuries to individuals.

56. Defendants failed to exercise due care in the design, manufacture, distribution, marketing, sale, assembly, and/or placement into the stream of commerce of the subject electric bicycle.

57. The negligence and/or carelessness of the defendants includes, but is not limited to:

   a. Supplying the subject electric bicycle in a dangerous and defective condition with the front wheel fork backwards;

   b. Failing to design, manufacture, distribute, market, sell, assemble, and/or place into the stream of commerce the subject electric bicycle with adequate safety features to protect persons utilizing the same;

   c. Failing to design, manufacture, distribute, market, sell, assemble, and/or place into the stream of commerce the subject electric bicycle with adequate provisions and/or components to prevent foreseeable harm;

   d. Failing to provide adequate warnings, instructions, or labels with regard to the subject electric bicycle;

13

e.  Designing, manufacturing, distributing, marketing, selling, assembling, and/or placing into the stream of commerce an electric bicycle with inadequate component parts;

f.  Designing, manufacturing, distributing, marketing, selling, assembling, and/or placing into the stream of commerce an electric bicycle with inadequate warnings, instructions, or labels;

g.  Failing to design, manufacture, distribute, market, sell, assemble, and/or place into the stream of commerce a product with adequate safety features;

h.  Failing to incorporate safety features which would prevent the incident in issue;

i.  Failing to incorporate warnings, instructions, or labels which would prevent the incident in issue;

j.  Designing, manufacturing, distributing, marketing, selling, assembling, and/or placing into the stream of commerce a product in a dangerous and/or defective condition;

k.  Failing to ensure the subject electric bicycle was provided with every element necessary to make it safe for its intended purpose;

l.  Failing to ensure the subject electric bicycle did not pose a hazard to consumers;

14

m.     Failing to provide adequate instruction, training, and guidance with regard to product safety;

n.     Failing to design, manufacture, distribute, market, sell, assemble, and/or place into the stream of commerce the subject electric bicycle with adequate instructions, warnings, or labels of the type of danger which occurred to Plaintiff;

o.     Failing to properly hire, train, supervise, and retain competent personnel;

p.     Failing to adopt proper and adequate design, manufacture, distribution, marketing, sale, and test protocols and procedures to ensure product safety;

q.     Failing to supplement warnings, instructions, labels, and directions;

r.     Failing to maintain safety statistics to ensure proper safety monitoring of products; and,

s.     Failing to recall the subject electric bicycle.

58.    As a result of the negligence and/or carelessness of defendants, Plaintiff suffered severe and permanent injuries.

59.    As a result of the aforesaid conduct of defendants, Plaintiff suffered severe and permanent injuries to his bones, muscles, tissues and nerves, including, but not limited to: proximal biceps tendon rupture of the left biceps tendon;

15

partial biceps tendon rupture distally of the left biceps tendon; subacute left C-7 radiculopathy; left sensorimotor median neuropathy at the wrist; left sensory ulnar neuropathy at the elbow; rotator cuff tendinopathy; a 2 mm linear articular surface partial thickness mid-central supraspinatus tendon tear; and, a fractured small left toe, as well as other aches and pains, some or all of which are permanent in nature.

60.   As a result of the incident in issue, Plaintiff has been caused to undergo medical care, treatment, and take medication, all of which has been required in the past and all of which will continue into the future.

61.   Medical bills have been generated in the past and will continue to be generated into the future as a result of the necessary treatment of Plaintiff's injuries.

62.   Plaintiff has suffered embarrassment, humiliation, disfigurement, pain, and suffering.

63.   Plaintiff has suffered in the past the loss of wages and will continue to suffer in the future the loss of wage-related income and benefits and impairment of his earning capacity and power.

64.   Plaintiff has or may hereafter incur other financial losses or expenses.

65.   Plaintiff has and will be in the future hindered from attending and performing his usual daily duties, activities, and recreational and social pursuits.

66.   The defendants' conduct above was the cause of Plaintiff's injuries and damages, as stated above.

WHEREFORE, Plaintiff, Ronald J. Bragg, demands judgment in his favor and against defendants, together with costs, interest, compensatory damages, and all other damages allowed by law. Plaintiff hereby certifies, pursuant to Local Rule 201.1, that the damages recoverable in this case exceed the sum of $150,000, exclusive of interest and costs.

## COUNT III – BREACH OF WARRANTIES
## PLAINTIFF v. DEFENDANTS

67.   Plaintiff incorporates, by reference, all preceding paragraphs as though the same were set forth herein at length.

68.   At the time of designing, manufacturing, distributing, marketing, selling, assembling, and/or placing into the stream of commerce the subject electric bicycle, defendants knew or should have known of the particular purposes for which the product would be used, and knew that their skill and judgment were being relied upon to furnish suitable products.

69.   Defendants breached implied warranties of fitness for a particular purpose as described in the Uniform Commercial Code ("UCC") and the applicable statutory and case law of New Jersey in that the subject electric bicycle was not fit for the particular uses for which it was intended.

17

70.   Defendants breached implied warranties of merchantability as described in the UCC and the applicable statutory and case law of New Jersey in that the subject electric bicycle was not for the uses for which it was intended.

71.   Defendants breached any and all express warranties made or relating to the subject electric bicycle that became part of the basis of the bargain for sale of the product in violation of the UCC and the applicable statutory and case law of New Jersey.

72.   Defendants breached the express and implied terms set out in the warranties enjoyed by consumers such as Plaintiff herein.

73.   Defendants expressly and impliedly represented and warranted that the subject electric bicycle was safe for its intended and reasonably foreseeable use.

74.   Defendants express and impliedly represented and warranted that the subject electric bicycle was of merchantable quality.

75.   As a result of the breach of warranties by the defendants, Plaintiff suffered severe and permanent injuries.

76.   As a result of the aforesaid conduct of defendants, Plaintiff suffered severe and permanent injuries to his bones, muscles, tissues and nerves, including, but not limited to: proximal biceps tendon rupture of the left biceps tendon; partial biceps tendon rupture distally of the left biceps tendon; subacute left

C-7 radiculopathy; left sensorimotor median neuropathy at the wrist; left sensory ulnar neuropathy at the elbow; rotator cuff tendinopathy; a 2 mm linear articular surface partial thickness mid-central supraspinatus tendon tear; and, a fractured small left toe, as well as other aches and pains, some or all of which are permanent in nature.

77. As a result of the incident in issue, Plaintiff has been caused to undergo medical care, treatment, and take medication, all of which has been required in the past and all of which will continue into the future.

78. Medical bills have been generated in the past and will continue to be generated into the future as a result of the necessary treatment of Plaintiff's injuries.

79. Plaintiff has suffered embarrassment, humiliation, disfigurement, pain, and suffering.

80. Plaintiff has suffered in the past the loss of wages and will continue to suffer in the future the loss of wage-related income and benefits and impairment of his earning capacity and power.

81. Plaintiff has or may hereafter incur other financial losses or expenses.

82. Plaintiff has and will be in the future hindered from attending and performing his usual daily duties, activities, and recreational and social pursuits.

83. The defendants' conduct above was the cause of Plaintiff's injuries and damages, as stated above.

WHEREFORE, Plaintiff, Ronald J. Bragg, demands judgment in his favor and against defendants, together with costs, interest, compensatory damages, and all other damages allowed by law. Plaintiff hereby certifies, pursuant to Local Rule 201.1, that the damages recoverable in this case exceed the sum of $150,000, exclusive of interest and costs.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against defendants for damages to be determined at trial, and for all other and further relief as the Court may deem just and equitable.

DUFFY + FULGINITI

BY:_____
KEN FULGINITI, ESQUIRE
SARAH F. DOOLEY, ESQUIRE
Attorneys for Plaintiff

DATE:_February 7, 2024